## MYER *v.* HARTRANFT, Collector.[1]

*(Circuit Court, E. D. Pennsylvania. June 24, 1886.)*

CUSTOMS DUTIES — ACT OF CONGRESS OF MARCH 3, 1883 — SCHEDULES K AND S CONSTRUED.

Schedule K, § 2502, of the act of congress of March 3, 1883, imposes a duty of 35 per centum *ad valorem* upon "all manufactures of wool of every description, made wholly or in part of wool, not specially enumerated or provided for" in the act. Schedule S imposes a duty of 50 per centum *ad valorem* upon "all goods, wares, and merchandise made of silk, or of which silk is the component material of chief value." *Held,* that the two phrases must be construed as if standing together, and are to be read thus: All manufactures of wool of every description, not especially enumerated or provided for in this

---

[1]Reported by C. B. Taylor, Esq., of the Philadelphia bar.

act, shall be subject to a duty of 35 per cent. *ad valorem; but if* silk is the competent material of chief value, they shall be subject to a duty of 50 per cent. *ad valorem.*

At Law.

*John K. Valentine,* for Hartranft, Collector.

*Frank Prichard,* for defendant.

McKENNAN, J. The special verdict in this case presents a single question for determination, viz., are the goods described in it dutiable under Schedule K (section 2502) of the act of March 3, 1883, or under Schedule S of the same act? These schedules are parts of the same act, and, presumably, were not intended to impose different rates of duty upon the same subjects. Schedule K imposes a certain rate of duty upon "all manufactures of wool of every description, made wholly or in part of wool, not specially enumerated or provided for" in the act. This is a very general and comprehensive description, and undoubtedly embraces all goods of which wool is in part a constituent. But are the goods in question excluded from its scope by being specially provided for in another part of the act? I think they are, by the terms of Schedule S. That schedule imposes a different rate of duty "on all goods, wares, and merchandise made of silk, or of which silk is the component material of chief value." It is clear that silk goods are chargeable only with the duty enacted by this schedule, and it is equally clear that goods of which silk is the component material of chief value are placed in the same category, and are subject to the same duty. It does, in terms and effect, identify goods of which silk is the component material of chief value with goods composed entirely of silk, and is a special provision touching such goods, and withdraws them entirely from the operation of Schedule K.. In *Solomon* v. *Arthur,* 102 U. S. 212, the application of two general clauses in different acts of congress was before the court for determination. The court held that they were to be considered as contained in the same act; Mr. Justice BRADLEY, in delivering the opinion of the court, saying: "It is observable that this description of 'manufactures made of mixed materials, in part of cotton, silk,' etc., is more general than that of 'manufactures of which silk is the component material of chief value.' Logically, the two phrases, standing together in the same act or system of laws, would be related as follows: 'Goods made of mixed materials, cotton, silk, etc., should pay a duty of thirty-five per cent.; *but if* silk is the component part of chief value, they shall pay a duty of fifty per cent.'" So, here, while the presumption is against a construction which would make different clauses of acts imposing different rates applicable to the same subjects, yet, even if, by the generality of their terms, they might apparently be so applicable, they are to be read thus: All manufactures of wool of every description, not especially enumerated or provided for in this act, shall be subject to a duty

of 35 per cent. *ad valorem, but if* silk is the component material of chief value, they shall be subject to a duty of 50 per cent. *ad valorem.* I am therefore of opinion that the goods described in the special verdict are dutiable under Schedule S of the act of March 3, 1883, and that judgment must be entered thereon in favor of the plaintiff for the sum of $615.60, with interest upon the separate items thereof from the respective dates of payment, as shown by the bill of particulars annexed to said verdict; and it is ordered that judgment be entered accordingly by the clerk for the amount of said principal and interest.